WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Lamont Brown,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-17-0075-TUC-LCK<br><br>**ORDER** |

Petitioner Robert Brown, incarcerated at the Arizona State Prison in Buckeye, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Before this Court are the Petition (Doc. 1), Respondents' Answer (Doc. 22), Petitioner's Reply (Doc. 41), Petitioner's Supplement (Doc. 44), and Petitioner's Amicus Brief (Doc. 42). The parties consented to exercise of jurisdiction by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c)(1). (Doc. 18.) The Court finds that Petitioner's claims should be dismissed as untimely.[1]

**FACTUAL AND PROCEDURAL BACKGROUND**

In the Superior Court of Pima County, Brown pled guilty to robbery (Count I) and armed robbery (Count IV). (Doc. 23, Ex. C.) On November 21, 2011, the court sentenced Brown to 4.5 years imprisonment on Count I and 9.25 years imprisonment on Count IV to be served consecutively. (Doc. 23, Ex. F.)

---

[1] Because Brown's claims are dismissed as untimely, the Court does not reach Respondents' arguments pertaining to exhaustion and procedural default.

On January 11, 2012, Brown filed a Notice of Post-Conviction Relief (PCR). (*Id.*, Ex. G.) Brown's appointed PCR counsel filed a notice stating that she had not identified any colorable claims meriting post-conviction review and requested that Brown be allowed time to file a pro se petition. (*Id.*, Ex. I.) On July 30, 2012, the court dismissed the PCR proceeding because Brown failed to file a petition before his July 6, 2012 deadline. (*Id.*, Ex. J.)

On October 17, 2012, Brown filed a Petition for PCR/Supplemental Brief—which the court treated as the petition for Brown's first post-conviction proceeding—asserting that he was not competent to enter into a plea agreement and that his counsel was ineffective for failing to seek an evaluation of his competency. (*Id.*, Exs. K, N.) The court summarily dismissed the Petition because Brown failed to state a colorable claim for relief. (*Id.*, Ex. N.) On July 3, 2013, Brown's counsel filed a request for an extension of time for Brown to file a pro se petition for review with the court of appeals. (*Id.*, Ex. V.) The court granted extensions until February 3, 2014, but Brown failed to file a petition for review by this date. (*Id.*, Exs. W, X, Y.)

On February 4, 2014, Brown filed a pro se brief titled "Supplement Brief to Petition for Review," which the court treated as a second PCR Petition rather than a misfiled petition for review. (Doc 24, Ex. P.) On August 6, 2014, the court summarily dismissed the Petition because Brown raised the same claims in his first PCR proceeding, thus, they were precluded by Arizona Rule of Criminal Procedure 32.2(a). (*Id.*, Ex. R.) Brown then filed a pro se Petition for Review with the Arizona Court of Appeals. (*Id.*, Ex. S.) On December 19, 2014, the court granted review but denied relief because the claims were finally adjudicated in the first post-conviction proceeding and were precluded under Arizona Rule of Criminal Procedure 32.2(a)(2). (Doc. 23, Ex. O.) Brown petitioned for review with the Arizona Supreme Court, but the court declined review on September 16, 2015. (Doc. 24, Ex. T.) Brown filed a third PCR Petition on August 9, 2016, which the court dismissed as untimely. (Doc. 44, Ex. A.)

Brown filed a Petition for Writ of Habeas Corpus in this Court on February 21, 2017, asserting (1) ineffective assistance of counsel for failure to obtain a mental health evaluation, (2) ineffective assistance of counsel in directing him to sign a plea agreement while knowing that he was mentally ill, and (3) prosecutorial misconduct because the trial judge relied on false information in the form of an outdated mental health report. (Doc. 1.)

## **DISCUSSION**

Respondents argue that Brown's Habeas Petition is time-barred because it violates the statute of limitations.

### **Statute of Limitations and Statutory Tolling**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> (A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

In applying (d)(1)(A), the Court must assess when direct review of Brown's conviction became final. By pleading guilty, Brown waived his right to file a direct appeal and his only option was to file a PCR petition pursuant to Rule 32. Ariz. R. Crim. P. 17.1(e). In *Summers v. Schriro*, the Ninth Circuit held that a Rule 32 of-right proceeding is a form of direct review, and so the "AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and the review of that proceeding, or until the expiration of the time for seeking such proceeding or review." 481 F.3d 710,

711 (9th Cir. 2007). Brown was sentenced on November 21, 2011, and timely filed a PCR Notice on January 11, 2012. (Doc. 23, Ex. G.) The trial court dismissed the case on July 30, 2012 (Doc. 23, Ex. G), and Brown did not seek review of that decision. However, when Brown filed a PCR/Supplemental Brief (*Id.*, Ex. K), the court treated it as a timely first PCR petition but denied it on the merits. (*Id.*, Ex. N). The court granted extensions for Brown to file a petition for review with the Arizona Court of Appeals until February 3, 2014, but he failed to do so by the deadline. (*Id.*, Exs. W, X, Y.) Thus, the judgment against Brown became final for purposes of § 2244(d)(1)(A) on February 3, 2014.[2] *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) (assessing § 2244 finality in light of the Arizona rules); *Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001) (holding that judgment is final when time to seek review has expired). The statute of limitations provided by (d)(1)(A) began to run on February 4, 2014. Absent tolling, the limitations period expired on February 4, 2015.

The statute of limitations is tolled during the time a properly filed state PCR petition is pending. 28 U.S.C. § 2244(d)(2). On February 4, 2014, Brown filed his second PCR Petition (Doc. 24, Ex. P), which immediately tolled the statute of limitations. *Isley v. Ariz. Dep't of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) (finding that tolling period begins with filing of notice pursuant to Arizona Rule of Criminal Procedure 32.4(a)). The period of tolling continued through September 16, 2015, when the Arizona Supreme Court denied Brown's Petition for Review (Doc. 24, Ex. T). *Hemmerle*, 495 F.3d at 1077 (holding that a collateral proceeding "was determined" when the Arizona Supreme Court denied review). [3]

---

[2] The limitations period may have started to run in the interim between the dismissal of the first Notice of PCR and Brown's filing of the Supplemental Brief. However, the Court adopts Respondents' approach on this point—that judgment did not become final until Brown's time to appeal expired—because it does not alter the Court's ultimate conclusion that the Petition is untimely.

[3] Respondents argue the tolling ended on October 5, 2015, when the Arizona Court of Appeals issued its mandate. (Doc. 22 at 10; Doc. 24 Ex. U.) However, *Hemmerle*, 495 F.3d at 1077 makes clear that the matter was determined at the time the Arizona Supreme Court denied review. Even if the Court were to accept the October 5, 2015 Court of Appeals mandate for tolling purposes, Brown still did not timely file his Habeas Petition.

- 4 -

Brown filed a third PCR Petition on August 9, 2016, which the court dismissed as untimely on September 1, 2016. (Doc. 44, Ex. A.) An untimely state PCR petition is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and will not toll the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Therefore, Brown's August 2016 PCR Petition was not properly filed and did not toll the limitations period under §2244(d)(1)(A).

Brown's second PCR proceeding entitled him to statutory tolling during the time that it was pending. The statute of limitations began to run immediately after the Arizona Supreme Court denied the Petition for Review, and it expired on September 16, 2016. Brown did not file his federal Habeas Petition until February 21, 2017. Because Brown filed the Petition several months after the statute of limitations under (d)(1)(A) expired, the Petition is statutorily time-barred.[4]

**Equitable Tolling**

Brown argues he is entitled to equitable tolling because he was held in protective custody four times. (Doc. 1.) He contends this made it more difficult to obtain resources from the legal library and indigent legal supplies, as well as hindered his ability to receive legal copies in a timely manner. (*Id.*) Brown also argues that he was unable to file the Petition any sooner due to his mental condition. (Docs. 41, 42.) A petitioner bears the burden of showing that equitable tolling is appropriate. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). Generally, a litigant seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418. The diligence required for tolling is "reasonable diligence" as opposed to "maximum feasible diligence." *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011). The effort needed is that expected of a

---

[4] Brown, in his Reply, asserted that the limitations period did not begin running until the date on which the factual predicate of his claims could have been discovered under 28 U.S.C.A. § 2244(d)(1)(D). (Doc. 41 at 5.) However, the factual basis of all three claims could have been known at the time of sentencing. Further, the factual basis was asserted in his PCR/Supplemental Brief, so Brown necessarily would have known the factual predicate for the claims at that time.

reasonable person under those particular circumstances. *Id*. at 1015. Furthermore, the petitioner must show that the extraordinary circumstances were the cause of his untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003)).

The Court finds that Brown did not diligently pursue his rights. Brown has not shown any actions he undertook to pursue his claim in the 11 months after the Arizona Supreme Court denied review of his PCR claim and prior to being placed in protective custody on August 4, 2016.[5] Brown did not file a petition with this Court until February 17, 2017 (Doc. 1), six months after being placed in protective custody and five months after the limitations period expired. Again, Brown has not shown what actions he undertook after being placed in protective custody and before the limitations period expired to pursue this claim. Brown submitted a copy of amounts he spent on legal copies, supplies, and postage showing a total of $21.06 spent during the limitations period. (Doc. 41, Ex. B.) However, he has not indicated if these expenditures were going towards pursuing this claim or his untimely August 2016 state claim. A reasonably diligent person would have taken steps to ensure that their petition was timely, and as Brown has not shown that he took such steps, he has failed to meet the burden of establishing that he pursued his rights diligently. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013-14 (9th Cir. 2009) (finding that a petitioner was not reasonably diligent where he failed to point to specific instances where he requested and was denied access to legal documents).

Further, Brown has not met his burden to show that extraordinary circumstances prevented him from timely filing in this Court. A complete lack of access to a legal file may constitute an extraordinary circumstance that qualifies for equitable tolling, as it is "unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005). However, Brown has not alleged that he completely lacked access to his legal file, but rather that it was more difficult for him to

---

[5] Brown has not provided the length of time he was in protective custody.

obtain legal copies and access the law library while in protective custody. Being in administrative segregation and having limited access to a law library and legal materials does not, without more, entitle a petitioner to equitable tolling. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). Brown has failed to show that being placed in protective custody made it impossible to file a timely petition in this Court; he was placed in protective custody only one time during the limitations period, on August 4, 2016, which did not prevent him from filing a petition in state court promptly afterwards on August 9, 2016. (Doc. 44, Ex. A.) Brown then waited several months past the expiration of the limitations period to file with this Court.

He also argues that his mental disability made routine prison life an extraordinary circumstance for him. (Doc. 41.) However, his numerous state filings made while in prison show that any such disability has not made it impossible for him to timely file and is thus not an extraordinary circumstance. Because Brown did not show that being in protective custody or having a mental disability prevented him from pursuing a claim, he has failed to meet the burden to show that it was beyond his control to timely file. Consequently, Brown has not established an extraordinary circumstance.

Brown has neither established that he diligently pursued his rights nor shown that extraordinary circumstances prevented him from filing his Petition in this Court. Therefore, he is not entitled to equitable tolling and the Petition is time-barred.

### **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability (COA) at the time it issues a final order adverse to the applicant. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 894 & n.4 (1983)). For

procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the court's procedural ruling was correct. *Id.* The Court finds that reasonable jurists would not find this Court's procedural ruling debatable. Therefore, a COA will not issue.

Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability.

Dated this 29th day of May, 2019.

_____
Honorable Lynnette C. Kimmins
United States Magistrate Judge